1  Steven Jay Katzman, State Bar No. 132755
   skatzman@bmkattorneys.com
2  Anne Uyeda, State Bar No. 235306
3  auyeda@bmkattorneys.com
   BIENERT, MILLER & KATZMAN, PLC
4  903 Calle Amanecer, Suite 350
5  San Clemente, California 92673
   Telephone (949) 369-3700/Facsimile (949) 369-3701
6
7  Bruce E. Reinhart (*pro hac vice* pending)
   Breinhart@mcdonaldhopkins.com
8  MCDONALD HOPKINS LLC
9  505 S. Flagler Drive, Suite 300
   West Palm Beach, Florida 33401
10 Telephone: (561) 472-2970/Facsimile: (561) 472-2122
11
   David B. Cupar (*pro hac vice* pending)
12 dcupar@mcdonaldhopkins.com
13 Matthew J. Cavanagh (*pro hac vice* pending)
   mcavanagh@mcdonaldhopkins.com
14 MCDONALD HOPKINS LLC
15 600 Superior Ave., East, Ste. 2100
   Cleveland, Ohio 44114
16 Telephone: (216) 348-5400/Facsimile: (216) 348-5474
17 Attorneys for Plaintiff
   SPECTRUM LABORATORIES, LLC,
18

19              UNITED STATES DISTRICT COURT
20              CENTRAL DISTRICT OF CALIFORNIA

21 | SPECTRUM LABORATORIES, LLC | Case No. SACV13-1001 JVS(RNBx)
22 |
23 |     Plaintiff                | **COMPLAINT FOR TRADEMARK**
   |                              | **INFRINGEMENT AND RELATED**
24 | v.                           | **CAUSES OF ACTION**
25 | LAHAR MFG, INC., d/b/a/      | **JURY TRIAL DEMANDED**
26 | SYNTHETIX5 and DOES 1-5 inclusive,
27 |     Defendants
28

1
COMPLAINT

Spectrum Laboratories, LLC ("Spectrum") brings this action to put an end to, and obtain compensatory damages arising out of, the sale of counterfeits of Spectrum's "Quick Fix" products by Lahar Mfg., Inc., dba Synthetix5, ("Synthetix5") and those working with Synthetix5, who are presently unknown and therefore identified as John Doe defendants.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Spectrum's Lanham Act claims under 15 U.S.C. § 1121 and under 28 U.S.C. § 1331 because they arise under federal law.

2. This Court has supplemental subject matter jurisdiction over Spectrum's state law claims under 28 U.S.C. § 1367 because those claims are so related to the Lanham Act claims that together the claims are part of the same case or controversy under Article III.

3. This Court has personal jurisdiction over Synthetix5 because it is incorporated in California and regularly transacts business in California.

4. Venue is proper under 28 U.S.C. § 1391(b) because Synthetix5 resides in this judicial district.

## PARTIES

5. Spectrum is an Ohio limited liability company with a principal place of business in Ohio.

6. Upon information and belief, Synthetix5 is a California corporation with a principal place of business located at 4533 MacArthur Boulevard, #219, Newport Beach, California, 92660.

7. Upon information and belief, John Does 1-5 are presently unknown entities or individuals that have participated in (or benefited from) the manufacture, distribution, or sale of the counterfeit Quick Fix products sold by Synthetix5. Synthetix5 and John Does 1-5 are collectively referred to here as the "Defendants."

8. For over a decade, Spectrum has marketed and sold popular synthetic urine products called "Quick Fix" and "Quick Fix Plus" (collectively, the "Quick Fix Products").

9. Spectrum has used various trademarks in connection with the marketing and sale of its Quick Fix Products to identify itself as the source of those products, including

(without limitation) the URN LUCK mark, SPECTRUM LABS mark, QUICK FIX mark, and QUICK FIX PLUS mark (collectively, the "SPECTRUM Marks").

## FACTUAL ALLEGATIONS

Spectrum markets and sells its Quick Fix Products in distinctive boxes that employ a distinctive trade dress, as shown in the photo attached as Exhibit 1.

10. The look and feel of the Quick Fix Product boxes, including (without limitation) the arrangement, size, styles, and colors of the logos, shapes, numbers, letters, and text appearing on the boxes, is referred to here collectively as the "Quick Fix Trade Dress."

11. By virtue of its longtime and exclusive commercial use of the SPECTRUM Marks and Quick Fix Trade Dress, Spectrum has acquired the exclusive common law trademark rights to those marks and trade dress.

12. In addition to its common law rights, Spectrum also has a federal trademark registration to the URN LUCK mark, Registration No. 3,334,957.

13. Spectrum has developed an innovative and patented formula for its Quick Fix Products that closely mimics natural human urine and that resists spoiling to give it a longer shelf life than competing products.

14. For years, Spectrum has devoted substantial amounts of money and effort to develop, promote, market, advertise, and produce Quick Fix Products. As a result, the Quick Fix Products have developed a reputation as market-leading, safe, and effective products.

15. The SPECTRUM Marks and Quick Fix Trade Dress, whether collectively or individually, are famous and are associated in the minds of the public with Spectrum as the source of its products.

16. Defendants are selling (and, upon information and belief, have manufactured) a counterfeit version of Spectrum's Quick Fix Plus product that identically copies Spectrum's packaging, including the SPECTRUM Marks and the Quick Fix Trade Dress ///
///

(the "Counterfeit Product"). Defendants are passing off the Counterfeit Product as it if was legitimate product from Spectrum.

17. The Counterfeit Product contains packaging and materials that are in all material respects identical to Spectrum's Quick Fix Plus product. The Counterfeit Product comes in a box that duplicates the box that Spectrum uses for true Quick Fix Plus product, including the Quick Fix Trade Dress and all of the SPECTRUM Marks that appear on the Spectrum Quick Fix Plus box. And, like true Quick Fix Plus Product, the box of Counterfeit Product contains a plastic bottle filled with synthetic urine, a heater pad, and an instructions pamphlet with verbatim language to that contained in Spectrum's Quick Fix Plus product.

18. Attached hereto as Exhibit 1 and incorporated herein by reference is a side-by-side comparison of the Counterfeit Product to Spectrum's legitimate Quick Fix Plus product. Exhibit 1 demonstrates that the packaging, synthetic urine formula, written directions, box illustrations and labels (front and back views), bottle caps, temperature strips, and the overall appearance of the Counterfeit Product are virtually identical to the legitimate Spectrum Quick Fix Plus product.

19. The Counterfeit Product also bears counterfeit SPECTRUM Marks and appropriates the Quick Fix Trade Dress.

20. The Counterfeit Products are neither safe nor effective for their intended purpose, and do not meet the rigorous quality and efficiency standards that Spectrum requires for its legitimate Quick Fix Plus product.

21. Spectrum has not granted permission or otherwise consented to Defendants' use of the SPECTRUM Marks, the Quick Fix Trade Dress, or any part or variation thereof.

22. Upon information and belief, Defendants have configured and marked the Counterfeit Products with the SPECTRUM Marks and the Quick Fix Trade Dress to be indistinguishable in appearance to Spectrum's legitimate products in order to deceive the public into believing that Spectrum is the source of the Counterfeit Products.

///

23. Actual and potential customers for Spectrum's legitimate Quick Fix Plus product have been, and are likely to continue to be, deceived by Defendants' unauthorized marketing and sale of the Counterfeit Products.

24. Defendants' bad faith counterfeiting of Spectrum's SPECTRUM Marks and the Quick Fix Trade Dress and of Spectrum's Quick Fix Plus product deceives Spectrum's customers into believing that they are purchasing a genuine Quick Fix Plus product that originated from Spectrum. Such counterfeiting also irreparably damages Spectrum's hard-earned and well-deserved reputation as a market-leading supplier of safe and effective products.

25. Upon information and belief, through its unlawful counterfeiting activities, Defendants have irreparably damaged Spectrum's reputation, confused and deceived actual and potential customers, diminished Spectrum's sales, diminished the value and goodwill of the SPECTRUM Marks and the Quick Fix Trade Dress, and continue to do all of those things.

## COUNT ONE
### (Federal Trademark Infringement in Violation of Section 32 of the Lanham Act [15 U.S.C. § 1114(a)])

26. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

27. Spectrum has obtained, and is the owner of, a federal registration on the URN LUCK Mark. This trademark registration remains in full force and effect.

28. For years, Spectrum has continuously advertised, marketed, and distributed products bearing the distinctive URN LUCK Mark in interstate commerce.

29. None of the Defendants have any claim or colorable right to utilize the URN LUCK Mark in connection with any sale, offering for sale, distribution, or advertising of any goods or services.

///

///

30. Defendants' unauthorized use of the URN LUCK Mark falsely indicates to consumers that Defendants' Counterfeit Product originates from, is approved by, or is affiliated with Spectrum.

31. Defendants' unauthorized use of the URN LUCK Mark in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing Defendants' goods and services originate from, are approved by, or are associated or affiliated with Spectrum.

32. Defendants' unauthorized use of the URN LUCK Mark removes Spectrum's ability to control the nature and quality of the goods and services provided under its URN LUCK Mark and places Spectrum's valuable reputation and goodwill in the hands of the Defendants.

33. Defendants' unauthorized actions constitute infringement of Spectrum's federally registered trademark for the URN LUCK Mark in violation of Section 32 of the Lanham Act, §1114 *et seq.*, to the substantial and irreparable injury of the public and of Spectrum's business reputation and goodwill.

34. Defendants' continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Spectrum. Spectrum has no adequate remedy at law. Spectrum is entitled to preliminary and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

35. As a direct and proximate result of the foregoing acts of Defendants, Spectrum has suffered, and is entitled to, monetary damages in an amount not yet determined. Spectrum is also entitled to its attorneys' fees and costs for commencing the instant lawsuit.

36. Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights to the URN LUCK Mark, and the resulting damage to Spectrum is such as to warrant the trebling of damages in order to provide just compensation.

///

## COUNT TWO
### (Federal Trademark Counterfeiting in Violation of Section 32 of Lanham Act [15 U.S.C. §1114(a)])

37. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

38. Defendants are intentionally using a counterfeit of the URN LUCK Mark in connection with the sale, offering for sale, distribution, and advertising of the Counterfeit Product.

39. The Counterfeit Product bears a URN LUCK Mark that is identical in all material respects to Spectrum's URN Luck Mark.

40. Defendants' manufacturing, advertising, distribution, marketing, importation, promotion, offer for sale, and sale of the Counterfeit Product bearing a counterfeit URN LUCK Mark is likely to cause confusion and has caused actual confusion that the Counterfeit Product is made by, sponsored by, or affiliated with Spectrum.

41. Defendants' use of the shape, style, and overall appearance of Spectrum's URN LUCK Mark is without the permission of Spectrum.

42. The Defendants' acts constitute trademark counterfeiting of Spectrum's federally registered URN LUCK Mark in violation of Section 32 of the Lanham Act, §1114 *et seq.*, to the substantial and irreparable injury of the public and of Spectrum's business reputation and goodwill.

43. Defendants' continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Spectrum. Spectrum has no adequate remedy at law. Spectrum is entitled to preliminary and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

44. As a direct and proximate result of the foregoing acts of Defendants, Spectrum has suffered, and is entitled to, monetary damages in an amount not yet determined. Spectrum is also entitled to its attorneys' fees and costs for commencing the instant lawsuit.

45. Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights to the URN LUCK Mark, and the resulting damage to Spectrum is such as to warrant the trebling of damages in order to provide just compensation.

### COUNT THREE
### (Federal Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act [15 U.S.C. § 1125(a)])

46. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

47. The Quick Fix Trade Dress is inherently distinctive and has acquired secondary meaning in the marketplace through which it has become associated with Spectrum in the minds of Quick Fix Plus purchasers and others in the relevant market.

48. Defendants have utilized substantially similar trade dress to that of the Quick Fix Trade Dress. The packaging, synthetic urine formula, written directions, box illustrations and labels (front and back views), bottle caps, temperature strips, and the overall appearance of the Counterfeit Product appear to be are identical in all material respects to the legitimate Spectrum Quick Fix Trade Dress.

49. Defendants' employment of the substantially similar trade dress on the Counterfeit Product is used in interstate commerce.

50. Defendants' infringing use of substantially similar trade dress has caused and continues to cause confusion, mistake, and deceit among purchasers and consumers as to the origin, sponsorship, and approval of the Counterfeit Products. Among other things, Defendants' conduct in the marketing and sale of the Counterfeit Product is likely to mislead purchasers and consumers into believing that the Counterfeit Product is somehow affiliated with Spectrum, or otherwise approved, sponsored, or authorized by Spectrum, and will act to tarnish the business goodwill and reputation of Spectrum.

///

///

51. Defendants' trade dress infringement has damaged Spectrum and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

52. Defendants have acted willfully with malice, and a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendants are liable to Spectrum for punitive and exemplary damages.

## COUNT FOUR
### (Unfair Competition in Violation of Section 43(a) of the Lanham Act [15 U.S.C. § 1125(a)])

53. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

54. The SPECTRUM Marks are valid and legally enforceable trademarks that Spectrum exclusively owns.

55. The SPECTRUM Marks are inherently distinct.

56. Through years of usage, the SPECTRUM Marks also have acquired distinctiveness in the marketplace, such that those in the relevant channels of distribution readily associate the SPECTRUM Marks with Spectrum and its high quality products and services.

57. By counterfeiting the SPECTRUM Marks to market and sell products that do not originate from Spectrum, Defendants have caused, and are likely to continue to cause, confusion in the minds of purchasers concerning the origin, source, sponsorship, approval, and association of the Counterfeit Products, Spectrum's products and services, or both.

58. Defendants' conduct has confused and is likely to confuse the public and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. Defendants' willfully created a likelihood of confusion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

///

///

60. As a direct and proximate result of Defendants' wrongful acts alleged above, Spectrum has been damaged, and Defendants have been unjustly enriched, in amounts to be determined at trial.

61. As a direct and proximate result of Defendants' unlawful acts, Spectrum has suffered, and continues to suffer, irreparable harm and injury. In many cases the Counterfeit Product falls far below Spectrum's standards and is reflecting negatively on Spectrum. Accordingly, Spectrum has no adequate remedy at law.

62. Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights and the resulting damage to Spectrum is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT FIVE
### (Unfair Competition Under State Law)

63. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

64. Defendants' unlawful activities are unfair competition under the common law and violate California's Unfair Competition Law, Cal. Bus. & Profs. Code § 17200.

65. Defendants' acts as alleged herein were malicious, willful, wanton, oppressive and outrageous.

66. Defendants' unfair competition has damaged Spectrum and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

67. Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights and the resulting damage to Spectrum is such as to warrant the enhancement of damages in order to provide just compensation.

///
///
///
///

## COUNT SIX
### (Violations of Ohio's Deceptive Trade Practices Act, Ohio Revised Code § 4165.01, et seq.)

68. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

69. Defendants' unlawful activities constitute a willful violation of Ohio's Deceptive Trade Practices Act.

70. Defendants' violations of Ohio's Deceptive Trade Practices Act have damaged Spectrum and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

## COUNT SEVEN
### (Unjust Enrichment)

71. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

72. Through their unlawful activities, Defendants have obtained benefits, including sales, that rightfully belong to Spectrum.

73. Defendants have not compensated Spectrum for the benefits that Defendants wrongfully obtained, despite justice and equity requiring them to do so.

74. Defendants have unjustly enriched themselves by obtaining and retaining the ill-gotten benefits of their unlawful activities.

75. Defendants' receipt and retention of the benefits of their unlawful activities is unjust enrichment.

76. Defendants' unjust enrichment has damaged Spectrum and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Spectrum respectfully demands the following judgment:

1. That Defendants, their officers, directors, agents, servants, employees, attorneys, and all persons and entities acting for, with, by, through, or in concert with them or any of them be enjoined preliminarily and permanently from:

   (a) manufacturing, advertising, distributing, marketing, importing, promoting, offering for sale, or selling the Counterfeit Product;

   (b) using any of the SPECTRUM Marks, the Quick Fix Trade Dress or any other designation that is a colorable imitation of, or is confusingly similar to, any of the SPECTRUM Marks or the Quick Fix Trade Dress in connection with the manufacturing, advertising, distribution, marketing, importation, promotion, offering for sale, or sale of products or services neither originating from nor authorized by Spectrum;

   (c) representing in any manner, or by any method whatsoever, that goods, services, or other products provided by Defendants are sponsored, approved, authorized by, or originate from Spectrum, or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, or sponsorship, of such goods or services;

   (d) infringing or diluting the distinctive quality of the SPECTRUM Marks or the Quick Fix Trade Dress; and

   (e) competing unfairly with Spectrum in any manner.

2. That Defendants be required to deliver up to the Court all of the Counterfeit Products in their possession, custody, or control that infringe on the SPECTRUM Marks or the Quick Fix Trade Dress.

3. That Defendants be required to deliver to the Court all products, containers, packages, labels, literature, catalogs, signs, advertising material, and the like bearing the SPECTRUM Marks, Quick Fix Trade Dress, or a shape, style, and overall appearance that is confusingly similar to the SPECTRUM Marks or the Quick Fix Trade Dress, together

with all plates, molds, and other means of making the same.

4. That the Court award to Spectrum all of its damages allowable by law, including its lost profits, an accounting and disgorgement of Defendants' profits to Spectrum, and pre-judgment and post-judgment interest.

5. That Spectrum be awarded its costs and attorneys' fees.

6. That this case be declared exceptional and Spectrum be awarded enhanced and punitive damages to the maximum amount allowable by law.

7. That Spectrum have such other and further relief as the Court may deem equitable.

Dated: July 2, 2013

BIENERT, MILLER & KATZMAN, PLC

By: _____
Steven Jay Katzman
Anne A. Uyeda
Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

MCDONALD HOPKINS LLC
Bruce E. Reinhart
David B. Cupar
Matthew J. Cavanagh
Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff Spectrum Laboratories, LLC, by and through its counsel of record, hereby requests a trial by jury on all issues so triable.

Dated: July 2, 2013

BIENERT, MILLER & KATZMAN, PLC

By: *(signature)*
Steven Jay Katzman
Anne A. Uyeda
Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

MCDONALD HOPKINS LLC
Bruce E. Reinhart
David B. Cupar
Matthew J. Cavanagh
Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

# Exhibit 1



Genuine Spectrum QUICK FIX PLUS

Counterfeit product

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV13- 1001 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Spectrum Laboratories, LLC

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Lahar Mfg., Inc., dba Synthetix5

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
SEE ATTACHMENT "A"

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Preliminary Injunction and damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement and counterfeiting in violation of the Lanham Act. 15 U.S.C 1114 and 1125.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **SACV13-1001 JVS(RNBx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)     CIVIL COVER SHEET     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Ohio |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, CA |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, CA |  |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _(signature)_  DATE: 7/2/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# ATTACHMENT "A"

Steven Jay Katzman, California Bar No. 132755
skatzman@bmkattorneys.com
Anne Uyeda, California Bar No. 235306
auyeda@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700/Facsimile (949) 369-3701

Bruce E. Reinhart, Florida Bar No. 10762
Breinhart@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
505 S. Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Telephone: (561) 472-2970/Facsimile: (561) 472-2122

David B. Cupar, Ohio Bar No. 0071622
dcupar@mcdonaldhopkins.com
Matthew J. Cavanagh, Ohio Bar No. 0079522
mcavanagh@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400/Facsimile: (216) 348-5474