ORIGINAL

1  Steven Jay Katzman, State Bar No. 132755
   skatzman@bmkattorneys.com
2  Anne Uyeda, State Bar No. 235306
3  auyeda@bmkattorneys.com
   BIENERT, MILLER & KATZMAN, PLC
4  903 Calle Amanecer, Suite 350
   San Clemente, California 92673
5  Telephone (949) 369-3700/Facsimile (949) 369-3701
6
7  Bruce E. Reinhart  (*pro hac vice* pending)
   Breinhart@mcdonaldhopkins.com
8  MCDONALD HOPKINS LLC
   505 S. Flagler Drive, Suite 300
9  West Palm Beach, Florida 33401
10 Telephone: (561) 472-2970/Facsimile: (561) 472-2122

11
   David B. Cupar (*pro hac vice* pending)
12 dcupar@mcdonaldhopkins.com
   Matthew J. Cavanagh (*pro hac vice* pending)
13 mcavanagh@mcdonaldhopkins.com
14 MCDONALD HOPKINS LLC
   600 Superior Ave., East, Ste. 2100
15 Cleveland, Ohio 44114
16 Telephone: (216) 348-5400/Facsimile: (216) 348-5474

17 Attorneys for Plaintiff
   SPECTRUM LABORATORIES, LLC,
18

19                   UNITED STATES DISTRICT COURT
20                  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC | Case No. SACV13-1001 JVS (RNBx) |
| Plaintiff | **FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CAUSES OF ACTION** |
| v. | |
| LAHAR MFG, INC., d/b/a/ SYNTHETIX5; J.T. SANIYA, INC., and DOES 1-5 inclusive, | **JURY TRIAL DEMANDED** |
| Defendants | |

1

FIRST AMENDED COMPLAINT

Spectrum Laboratories, LLC ("Spectrum") brings this action to put an end to, and obtain compensatory damages arising out of, the sale of counterfeits of Spectrum's "Quick Fix" products by Lahar Mfg., Inc., dba Synthetix5, ("Synthetix5"), J.T. Saniya, Inc., ("Saniya"), and those working with Synthetix5 or Saniya, who are presently unknown and therefore identified as John Doe defendants.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Spectrum's Lanham Act claims under 15 U.S.C. § 1121 and under 28 U.S.C. § 1331 because they arise under federal law.

2. This Court has supplemental subject matter jurisdiction over Spectrum's state law claims under 28 U.S.C. § 1367 because those claims are so related to the Lanham Act claims that together the claims are part of the same case or controversy under Article III.

3. This Court has personal jurisdiction over Saniya and Synthetix5 because each is incorporated in California and regularly transacts business in California.

4. Venue is proper under 28 U.S.C. § 1391(b) because Saniya and Synthetix5 reside in this judicial district.

## PARTIES

5. Spectrum is an Ohio limited liability company with a principal place of business in Ohio.

6. Upon information and belief, J.T. Saniya, Inc. is a California corporation with a principal place of business located at 417 S. San Pedro Street, Los Angeles, California 90013.

7. Upon information and belief, Synthetix5 is a California corporation with a principal place of business located at 4533 MacArthur Boulevard, #219, Newport Beach, California, 92660.

8. Upon information and belief, John Does 1-5 are presently unknown entities or individuals that have participated in (or benefited from) the manufacture, distribution,

or sale of the counterfeit Quick Fix products sold by Synthetix5 and Saniya. Synthetix5, Saniya, and John Does 1-5 are collectively referred to here as the "Defendants."

## FACTUAL ALLEGATIONS

9. For over a decade, Spectrum has marketed and sold popular synthetic urine products called "Quick Fix" and "Quick Fix Plus" (collectively, the "Quick Fix Products").

10. Spectrum has used various trademarks in connection with the marketing and sale of its Quick Fix Products to identify itself as the source of those products, including (without limitation) the URN LUCK mark, SPECTRUM LABS mark, QUICK FIX mark, and QUICK FIX PLUS mark (collectively, the "SPECTRUM Marks").

11. Spectrum markets and sells its Quick Fix Products in distinctive boxes that employ a distinctive trade dress, as shown in the photo attached hereto as Exhibit 1.

12. The look and feel of the Quick Fix Product boxes, including (without limitation) the arrangement, size, styles, and colors of the logos, shapes, numbers, letters, and text appearing on the boxes, is referred to here collectively as the "Quick Fix Trade Dress."

13. By virtue of its longtime and exclusive commercial use of the SPECTRUM Marks and Quick Fix Trade Dress, Spectrum has acquired the exclusive common law trademark rights to those marks and trade dress.

14. In addition to its common law rights, Spectrum also has a federal trademark registration to the URN LUCK mark, Registration No. 3,334,957.

15. Spectrum has developed an innovative and patented formula for its Quick Fix Products that closely mimics natural human urine and that resists spoiling to give it a longer shelf life than competing products.

16. For years, Spectrum has devoted substantial amounts of money and effort to develop, promote, market, advertise, and produce Quick Fix Products. As a result, the Quick Fix Products have developed a reputation as market-leading, safe, and effective products.

17. The SPECTRUM Marks and Quick Fix Trade Dress, whether collectively or individually, are famous and are associated in the minds of the public with Spectrum as the source of its products.

18. Defendants are selling (and, upon information and belief, have manufactured or assisted in the manufacture of) a counterfeit version of Spectrum's Quick Fix Plus product that identically copies Spectrum's packaging, including the SPECTRUM Marks and the Quick Fix Trade Dress (the "Counterfeit Product"). Defendants are passing off the Counterfeit Product as it if was legitimate product from Spectrum.

19. The Counterfeit Product contains packaging and materials that are in all material respects identical to Spectrum's Quick Fix Plus product. The Counterfeit Product comes in a box that duplicates the box that Spectrum uses for true Quick Fix Plus product, including the Quick Fix Trade Dress and all of the SPECTRUM Marks that appear on the Spectrum Quick Fix Plus box. And, like true Quick Fix Plus Product, the box of Counterfeit Product contains a plastic bottle filled with synthetic urine, a heat pack, and an instructions pamphlet with verbatim language to that contained in Spectrum's Quick Fix Plus product.

20. Attached hereto as Exhibit 1 and incorporated herein by reference is a side-by-side comparison of the Counterfeit Product to Spectrum's legitimate Quick Fix Plus product. Exhibit 1 demonstrates that the packaging, synthetic urine formula, written directions, box illustrations and labels (front and back views), bottle caps, temperature strips, and the overall appearance of the Counterfeit Product are virtually identical to the legitimate Spectrum Quick Fix Plus product.

21. The Counterfeit Product also bears counterfeit SPECTRUM Marks and appropriates the Quick Fix Trade Dress.

22. The Counterfeit Products are neither safe nor effective for their intended purpose, and do not meet the rigorous quality and efficiency standards that Spectrum requires for its legitimate Quick Fix Plus product.

///

23. Spectrum has not granted permission or otherwise consented to Defendants' use of the SPECTRUM Marks, the Quick Fix Trade Dress, or any part or variation thereof.

24. Upon information and belief, Defendants have configured and marked the Counterfeit Products with the SPECTRUM Marks and the Quick Fix Trade Dress to be indistinguishable in appearance to Spectrum's legitimate products in order to deceive the public into believing that Spectrum is the source of the Counterfeit Products.

25. Actual and potential customers for Spectrum's legitimate Quick Fix Plus product have been, and are likely to continue to be, deceived by Defendants' unauthorized marketing and sale of the Counterfeit Products.

26. Defendants' bad faith counterfeiting of Spectrum's SPECTRUM Marks and the Quick Fix Trade Dress and of Spectrum's Quick Fix Plus product deceives Spectrum's customers into believing that they are purchasing a genuine Quick Fix Plus product that originated from Spectrum. Such counterfeiting also irreparably damages Spectrum's hard-earned and well-deserved reputation as a market-leading supplier of safe and effective products.

27. Upon information and belief, through its unlawful counterfeiting activities, Defendants have irreparably damaged Spectrum's reputation, confused and deceived actual and potential customers, diminished Spectrum's sales, diminished the value and goodwill of the SPECTRUM Marks and the Quick Fix Trade Dress, and continue to do all of those things.

## COUNT ONE
### (Federal Trademark Infringement in Violation of Section 32 of the Lanham Act [15 U.S.C. § 1114(a)])

28. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

29. Spectrum has obtained, and is the owner of, a federal registration on the URN LUCK Mark. This trademark registration remains in full force and effect.

30. For years, Spectrum has continuously advertised, marketed, and distributed products bearing the distinctive URN LUCK Mark in interstate commerce.

31. None of the Defendants have any claim or colorable right to utilize the URN LUCK Mark in connection with any sale, offering for sale, distribution, or advertising of any goods or services.

32. Defendants' unauthorized use of the URN LUCK Mark falsely indicates to consumers that Defendants' Counterfeit Product originates from, is approved by, or is affiliated with Spectrum.

33. Defendants' unauthorized use of the URN LUCK Mark in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing Defendants' goods and services originate from, are approved by, or are associated or affiliated with Spectrum.

34. Defendants' unauthorized use of the URN LUCK Mark removes Spectrum's ability to control the nature and quality of the goods and services provided under its URN LUCK Mark and places Spectrum's valuable reputation and goodwill in the hands of the Defendants.

35. Defendants' unauthorized actions constitute infringement of Spectrum's federally registered trademark for the URN LUCK Mark in violation of Section 32 of the Lanham Act, §1114 *et seq.*, to the substantial and irreparable injury of the public and of Spectrum's business reputation and goodwill.

36. Defendants' continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Spectrum. Spectrum has no adequate remedy at law. Spectrum is entitled to preliminary and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

37. As a direct and proximate result of the foregoing acts of Defendants, Spectrum has suffered, and is entitled to, monetary damages in an amount not yet determined. Spectrum is also entitled to its attorneys' fees and costs for commencing the instant lawsuit.

38. Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights to the URN LUCK Mark, and the resulting damage to Spectrum is such as to warrant the trebling of damages in order to provide just compensation.

### COUNT TWO
### (Federal Trademark Counterfeiting in Violation of Section 32 of Lanham Act [15 U.S.C. §1114(a)])

39. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

40. Defendants are intentionally using a counterfeit of the URN LUCK Mark in connection with the sale, offering for sale, distribution, and advertising of the Counterfeit Product.

41. The Counterfeit Product bears a URN LUCK Mark that is identical in all material respects to Spectrum's URN Luck Mark.

42. Defendants' manufacturing, advertising, distribution, marketing, importation, promotion, offer for sale, and sale of the Counterfeit Product bearing a counterfeit URN LUCK Mark is likely to cause confusion and has caused actual confusion that the Counterfeit Product is made by, sponsored by, or affiliated with Spectrum.

43. Defendants' use of the shape, style, and overall appearance of Spectrum's URN LUCK Mark is without the permission of Spectrum.

44. The Defendants' acts constitute trademark counterfeiting of Spectrum's federally registered URN LUCK Mark in violation of Section 32 of the Lanham Act, §1114 *et seq.*, to the substantial and irreparable injury of the public and of Spectrum's business reputation and goodwill.

45. Defendants' continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Spectrum. Spectrum has no adequate remedy at law. Spectrum is entitled to preliminary and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

FIRST AMENDED COMPLAINT

46. As a direct and proximate result of the foregoing acts of Defendants, Spectrum has suffered, and is entitled to, monetary damages in an amount not yet determined. Spectrum is also entitled to its attorneys' fees and costs for commencing the instant lawsuit.

47. Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights to the URN LUCK Mark, and the resulting damage to Spectrum is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT THREE
### (Federal Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act [15 U.S.C. § 1125(a)])

48. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

49. The Quick Fix Trade Dress is inherently distinctive and has acquired secondary meaning in the marketplace through which it has become associated with Spectrum in the minds of Quick Fix Plus purchasers and others in the relevant market.

50. Defendants have utilized substantially similar trade dress to that of the Quick Fix Trade Dress. The packaging, synthetic urine formula, written directions, box illustrations and labels (front and back views), bottle caps, temperature strips, and the overall appearance of the Counterfeit Product appear to be are identical in all material respects to the legitimate Spectrum Quick Fix Trade Dress.

51. Defendants' employment of the substantially similar trade dress on the Counterfeit Product is used in interstate commerce.

52. Defendants' infringing use of substantially similar trade dress has caused and continues to cause confusion, mistake, and deceit among purchasers and consumers as to the origin, sponsorship, and approval of the Counterfeit Products. Among other things, Defendants' conduct in the marketing and sale of the Counterfeit Product is likely to mislead purchasers and consumers into believing that the Counterfeit Product is somehow

affiliated with Spectrum, or otherwise approved, sponsored, or authorized by Spectrum, and will act to tarnish the business goodwill and reputation of Spectrum.

53. Defendants' trade dress infringement has damaged Spectrum and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

54. Defendants have acted willfully with malice, and a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendants are liable to Spectrum for punitive and exemplary damages.

## COUNT FOUR
### (Unfair Competition in Violation of Section 43(a) of the Lanham Act [15 U.S.C. § 1125(a)])

55. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

56. The SPECTRUM Marks are valid and legally enforceable trademarks that Spectrum exclusively owns.

57. The SPECTRUM Marks are inherently distinct.

58. Through years of usage, the SPECTRUM Marks also have acquired distinctiveness in the marketplace, such that those in the relevant channels of distribution readily associate the SPECTRUM Marks with Spectrum and its high quality products and services.

59. By counterfeiting the SPECTRUM Marks to market and sell products that do not originate from Spectrum, Defendants have caused, and are likely to continue to cause, confusion in the minds of purchasers concerning the origin, source, sponsorship, approval, and association of the Counterfeit Products, Spectrum's products and services, or both.

60. Defendants' conduct has confused and is likely to confuse the public and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61. Defendants' willfully created a likelihood of confusion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62. As a direct and proximate result of Defendants' wrongful acts alleged above, Spectrum has been damaged, and Defendants have been unjustly enriched, in amounts to be determined at trial.

63. As a direct and proximate result of Defendants' unlawful acts, Spectrum has suffered, and continues to suffer, irreparable harm and injury. In many cases the Counterfeit Product falls far below Spectrum's standards and is reflecting negatively on Spectrum. Accordingly, Spectrum has no adequate remedy at law.

64. Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights and the resulting damage to Spectrum is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT FIVE
### (Unfair Competition Under State Law)

65. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

66. Defendants' unlawful activities are unfair competition under the common law and violate California's Unfair Competition Law, Cal. Bus. & Profs. Code § 17200.

67. Defendants' acts as alleged herein were malicious, willful, wanton, oppressive and outrageous.

68. Defendants' unfair competition has damaged Spectrum and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

69. Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights and the resulting damage to Spectrum is such as to warrant the enhancement of damages in order to provide just compensation.

///
///
///
///

10

FIRST AMENDED COMPLAINT

## COUNT SIX
### (Violations of Ohio's Deceptive Trade Practices Act, Ohio Revised Code § 4165.01, et seq.)

70. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

71. Defendants' unlawful activities constitute a willful violation of Ohio's Deceptive Trade Practices Act.

72. Defendants' violations of Ohio's Deceptive Trade Practices Act have damaged Spectrum and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

## COUNT SEVEN
### (Unjust Enrichment)

73. Spectrum incorporates each of the preceding paragraphs as though the same were set forth in full herein.

74. Through their unlawful activities, Defendants have obtained benefits, including sales, that rightfully belong to Spectrum.

75. Defendants have not compensated Spectrum for the benefits that Defendants wrongfully obtained, despite justice and equity requiring them to do so.

76. Defendants have unjustly enriched themselves by obtaining and retaining the ill-gotten benefits of their unlawful activities.

77. Defendants' receipt and retention of the benefits of their unlawful activities is unjust enrichment.

78. Defendants' unjust enrichment has damaged Spectrum and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Spectrum respectfully demands the following judgment:

1. That Defendants, their officers, directors, agents, servants, employees, attorneys, and all persons and entities acting for, with, by, through, or in concert with them or any of them be enjoined preliminarily and permanently from:

   (a) manufacturing, advertising, distributing, marketing, importing, promoting, offering for sale, or selling the Counterfeit Product;

   (b) using any of the SPECTRUM Marks, the Quick Fix Trade Dress or any other designation that is a colorable imitation of, or is confusingly similar to, any of the SPECTRUM Marks or the Quick Fix Trade Dress in connection with the manufacturing, advertising, distribution, marketing, importation, promotion, offering for sale, or sale of products or services neither originating from nor authorized by Spectrum;

   (c) representing in any manner, or by any method whatsoever, that goods, services, or other products provided by Defendants are sponsored, approved, authorized by, or originate from Spectrum, or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, or sponsorship, of such goods or services;

   (d) infringing or diluting the distinctive quality of the SPECTRUM Marks or the Quick Fix Trade Dress; and

   (e) competing unfairly with Spectrum in any manner.

2. That Defendants be required to deliver up to the Court all of the Counterfeit Products in their possession, custody, or control that infringe on the SPECTRUM Marks or the Quick Fix Trade Dress.

3. That Defendants be required to deliver to the Court all products, containers, packages, labels, literature, catalogs, signs, advertising material, and the like bearing the SPECTRUM Marks, Quick Fix Trade Dress, or a shape, style, and overall appearance that is confusingly similar to the SPECTRUM Marks or the Quick Fix Trade Dress, together

with all plates, molds, and other means of making the same.

4. That the Court award to Spectrum all of its damages allowable by law, including its lost profits, an accounting and disgorgement of Defendants' profits to Spectrum, and pre-judgment and post-judgment interest.

5. That Spectrum be awarded its costs and attorneys' fees.

6. That this case be declared exceptional and Spectrum be awarded enhanced and punitive damages to the maximum amount allowable by law.

7. That Spectrum have such other and further relief as the Court may deem equitable.

Dated: July 18, 2013

BIENERT, MILLER & KATZMAN, PLC

By: *[signature]*
Steven Jay Katzman
Anne A. Uyeda
Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

MCDONALD HOPKINS LLC
Bruce E. Reinhart (*pro hac vice* pending)
David B. Cupar (*pro hac vice* pending)
Matthew J. Cavanagh (*pro hac vice* pending)
Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff Spectrum Laboratories, LLC, by and through its counsel of record, hereby requests a trial by jury on all issues so triable.

Dated: July 18, 2013

BIENERT, MILLER & KATZMAN, PLC

By: *[signature]*
Steven Jay Katzman
Anne A. Uyeda
Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

MCDONALD HOPKINS LLC
Bruce E. Reinhart (*pro hac vice* pending)
David B. Cupar (*pro hac vice* pending)
Matthew J. Cavanagh (*pro hac vice* pending)
Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

# EXHIBIT A

