# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC<br><br>    Plaintiff<br><br>v.<br><br>LAHAR MFG, INC., d/b/a/ SYNTHETIX5; J.T. SANIYA, INC.; and DOES 1-5 inclusive,<br><br>    Defendants | Case No. SACV13-1001 JVS (RNBx)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT LAHAR MFG., INC., DBA SYNTHETIX5** |

WHEREAS Plaintiff Spectrum Laboratories, LLC ("Spectrum") and Defendant Lahar Mfg., Inc., dba Synthetix5 ("Synthetix5") are parties to this civil action (the "Action") and the Court has personal jurisdiction over the parties and subject matter jurisdiction over the claims asserted in the Action;

WHEREAS, Spectrum initiated this Action and alleged, among other things, that Synthetix5 had infringed Spectrum's trademark rights by allegedly selling counterfeits of Spectrum's Quick Fix Plus product.

WHEREAS, Synthetix5 admits to selling product that it believed was Spectrum's Quick Fix Plus product, denies that it intentionally sold any counterfeit Quick Fix Plus, and denies that it had any knowing involvement in the counterfeiting of Quick Fix Plus.

1

WHEREAS, the parties have agreed to resolve their dispute by stipulating to the dismissal of the claims asserted in the Action against Synthetix5 with prejudice by having the Court enter this consent judgment and permanent injunction.

NOW, THEREFORE, based on the parties' agreement, the complaint and amended complaint, and the Court's conclusion that permanent injunction relief is warranted, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Synthetix5 and all of its owners (including Michael Tandberg and Adam Hopkins), officers, agents, servants, employees, successors, representatives, assigns, affiliates, attorneys, and others in active concert or participation with them, (collectively, the "Restrained Parties") are preliminarily enjoined and restrained, collectively and individually, from:

(a) Manufacturing, advertising, distributing, marketing, importing, promoting, offering for sale, or selling any counterfeit version of Spectrum's "Quick Fix" or "Quick Fix Plus" products.

(b) Selling, offering to sell, distributing, or otherwise supplying anything other than a genuine Spectrum product in response to, or in fulfillment of, any request for "Quick Fix" or "Quick Fix Plus."

(c) Describing a product as "Quick Fix" or "Quick Fix Plus," or as a "Spectrum" product, when the product does not actually originate from Spectrum.

(d) Using the SPECTRUM LABS, QUICK FIX, or URN LUCK trademarks (collectively, the "Spectrum Marks"), or any designation that incorporates or is confusingly similar to any of those marks in connection with the sale of any goods or services.

(e) Engaging in any activity that infringes any of Spectrum's rights in the Spectrum Marks or otherwise unfairly competing with Spectrum in any way.

2. The Court does not find that Synthetix5 knowingly or intentionally distributed counterfeit Spectrum products.

///

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT LAHAR MFG., INC., DBA SYNTHETIX5

3.   This Order shall become effective and enforceable on the date of its entry by the Clerk.

4.   Each party shall bear its own attorneys' fees, costs, and expenses in this action.

5.   This judgment resolves all of Spectrum's claims against Synthetix5. Spectrum's claims against J.T. Saniya, Inc. and John Doe defendants remain pending and are not affected by this judgment.

6.   Spectrum's claims asserted against Synthetix5 in the Action are hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**

Dated: September 13, 2013

_____
Honorable James V. Selna
United States District Judge

Respectfully submitted,
BIENERT, MILLER & KATZMAN, PLC

*/s/ Anne A. Uyeda /s/*
Anne A. Uyeda
Attorneys for Plaintiff Spectrum Laboratories