Steven Jay Katzman, State Bar No. 132755
skatzman@bmkattorneys.com
Anne Uyeda, State Bar No. 235306
auyeda@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700/Facsimile (949) 369-3701

Bruce E. Reinhart  (admitted *pro hac vice*)
Breinhart@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
505 S. Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Telephone: (561) 472-2970/Facsimile: (561) 472-2122

David B. Cupar (admitted *pro hac vice*)
dcupar@mcdonaldhopkins.com
Matthew J. Cavanagh (admitted *pro hac vice*)
mcavanagh@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400/Facsimile: (216) 348-5474

Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC | Case No. SACV13-1001 JVS (RNBx) |
|      Plaintiff, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| J.T. SANIYA,  INC.,  and DOES 1-5 inclusive, | [Declaration of Matthew J. Cavanagh and [Proposed] Order filed concurrently herewith] |
|      Defendants. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date:    December 16, 2013
Time:    1:30 p.m
Place:   Courtroom 10C
         Ronald Reagan Federal Bldg.
         and United States Courthouse
         411 West Fourth Street
         Santa Ana, California
Judge    Honorable James V. Selna

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 16, 2013, at 1:30 p.m., in the courtroom of the Honorable James V. Selna, located at 411 West Fourth Street, Santa Ana, California, 92701, Plaintiff Spectrum Laboratories, LLC ("Spectrum") will move the Court for leave to file a second amended complaint that identifies Defendants H.M. Distributors, Inc.; Yasin Jumani; and Dharm Chadha, dba Johnny's Trading, as Does 1-3, pursuant to Federal Rule of Civil Procedure 15 and Rules 15-1 through 15-4 of the Local Rules of the United States District Court for the Central District of California ("Local Rules" or "L.R.").

This Motion is made on the grounds that Spectrum has discovered the identities of these three defendants and their participation in the counterfeiting of the Spectrum product at issue in this case.  The Court should grant this motion because allowing the amendment would not prejudice J.T. Saniya, Inc., the claims against these proposed new defendants are meritorious and not futile, and, by rule, leave to amend should be freely given.  The Motion also respectfully requests that the hearing on this Motion be held at 11:30 a.m. on December 16, 2013, rather than during its regular civil motion calendar at 1:30 p.m., because there is a Rule 26(f) Scheduling Conference currently set for that time (*see* Docket No. 22) and it would be efficient for the parties and the Court to have both matters heard at the same time.

///

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

1    This Motion is made following the conference of counsel pursuant to L.R. 7-3

2    which took place on October 21, 2013.  This Motion is based on this Notice of Motion,

3    the Memorandum of Points and Authorities attached hereto, the Declaration of Matthew J.

4    Cavanagh filed concurrently herewith, all further pleadings that will be filed by Spectrum

5    herein, the record on file in this matter, and such further evidence and argument as the

6    Court may permit or require at or prior to the time of the hearing on this Motion.

7

8    Dated:  November 18, 2013               BIENERT, MILLER & KATZMAN, PLC

9
                                            By: */s/ Steven Jay Katzman /s/*
10                                               Steven Jay Katzman
11                                               Anne A. Uyeda

12                                               MCDONALD HOPKINS LLC
13                                               Bruce E. Reinhart (admitted *pro hac vice*)
                                                 David B. Cupar (admitted *pro hac vice*)
14                                               Matthew J. Cavanagh (admitted *pro hac vice*)
15                                               Attorneys for Plaintiff
                                                 SPECTRUM LABORATORIES, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION AND SUMMARY OF ARGUMENT**

In accordance with Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Spectrum Laboratories, LLC ("Spectrum") moves the Court for leave to file a Second Amended Complaint to identify three defendants involved in the counterfeiting of the Spectrum products at issue in the case: (i) H.M. Distributors, Inc.; (ii) Yasin Jumani; and (iii) Dharm Chadha, dba Johnny's Trading.  There is good cause for allowing Spectrum to add these defendants by amendment because that method would be more efficient than Spectrum filing a separate lawsuit against these defendants. Moreover, allowing a second amended complaint would not prejudice Saniya because the case is in its infancy and discovery has just begun.

Therefore, the Court should grant Spectrum leave to file a second amended complaint, a copy of which is attached as Exhibit 1 to the concurrently-filed Declaration of Matthew J. Cavanagh ("Cavanagh Decl.").

**II.   FACTUAL BACKGROUND**

Spectrum filed this suit when counterfeits of its Quick Fix Plus product began spreading through the marketplace. Spectrum originally sued Lahar Mfg., Inc., dba Synthetix5, ("Synthetix5") and five unknown Doe defendants (Does 1-5). Spectrum amended its complaint to add J.T. Saniya, Inc., ("Saniya") when Synthetix5 produced invoices showing that it purchased the counterfeit Quick Fix Plus from Saniya. (*See generally* First Am. Compl.) (Docket No. 14).

Synthetix5 was dismissed from the case by stipulating to a permanent injunction. (*See* Consent Judgment and Permanent Injunction, Docket No. 31.)  Saniya stipulated to a preliminary injunction to resolve Spectrum's preliminary injunction motion against Saniya, and the case is now proceeding between Spectrum and Saniya.  (*See* Order, Docket No. 29.)

Through investigations and informal discovery, Spectrum has learned that H.M. Distributors, Inc. ("H.M.") is affiliated with Saniya and that H.M. and Saniya jointly sold

the counterfeit Quick Fix Plus to Synthetix5 and to others.  (*See* Cavanagh Decl. ¶¶ 3-6, 10.)  This was confirmed by an examination of J.T. Saniya's invoices to Synthetix5 that identify Saniya *and* H.M. as the sellers of the counterfeit Quick Fix Plus product. (*See id.*, at ¶¶ 6, 10; Invoices, attached as Exh. 2 to the Cavanagh Decl.)  Spectrum also has confirmed the identity of Saniya's and H.M.'s owner, Yasin Jumani, who, upon information and belief, directed, contributed to, personally participated in, and financially benefited from the counterfeiting of Spectrum's Quick Fix Plus by Saniya and H.M. (*See id.* at ¶ 12.)  Lastly, Spectrum has traced the source of at least one batch of counterfeit Quick Fix Plus back to Dharm Chadha, dba Johnny's Trading, ("Chadha"). (*Id.* at ¶¶ 7-8.) Because Spectrum has more than a plausible counterfeit claim against all three of these defendants, and because the case is still in a very early stage, the Court should grant Spectrum leave to add them by amendment.

## III.   ARGUMENT

### A.   The Court Should Grant Leave Freely

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading by leave of Court, which "shall be freely given when justice so requires." Fed. Civ. R. 15(a). In deciding whether to grant leave to amend the "'court must be guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), *quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Thus '[r]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Id.*, *quoting Webb*, 655 F.2d at 979.

"Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile."  *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). "Additionally, the district court may consider the factor of undue delay."  *Id.* at 757-58.  The Ninth Circuit has reversed denials of motions to amend where the district court did not enter a specific finding of prejudice, bad faith, or futility. *DDC Programs*, 833 F. 2d at 186-87 (reversing

MOTION FOR LEAVE TO FILE  SECOND AMENDED COMPLAINT

1    denial).  "The party opposing amendment bears the burden of showing prejudice." *Id.* at

2    187

3            **B.**     **The Court Should Grant Spectrum Leave to Amend**

4                  **1.**     **Granting Leave To Amend Promotes Judicial Efficiency**

5           The Court should grant leave to Spectrum because bringing these defendants into

6    this action, as opposed to Spectrum proceeding against them in a separate action, would

7    promote judicial efficiency and thus would promote the overarching purpose of the

8    Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 1 (the rules "should be construed

9    and administered to secure the just, speedy, and inexpensive determination of every action

10   and proceeding.")

11          Spectrum's proposed second amended complaint asserts that H.M., Jumani, and

12   Chadha have all participated in the same counterfeiting already at issue in this case with

13   respect to Saniya.  (*See* Cavanagh Decl., Exh. 1, Prop. 2d Am. Compl., at ¶ 21.)  And,

14   consequently, the legal causes of action that Spectrum seeks to assert against these three

15   defendants are the same as those it is now asserting against Saniya. (*Compare* 1st Am.

16   Compl. *to* Prop. 2d Am. Compl.) Thus, if leave was denied, there would be common

17   questions of fact and law between this action and the parallel action that Spectrum would

18   file against the three defendants. The Court, therefore, should grant leave to allow

19   Spectrum to proceed against all four defendants in a single action, thereby avoiding

20   redundancy and potentially inconsistent rulings on the same issues.

21                 **2.**     **Amending The Complaint Would Not Unduly Prejudice Saniya**

22          Here, Saniya cannot carry its burden to show that allowing Spectrum to amend its

23   complaint to add these three defendants would unduly prejudice it.  That is because fact

24   discovery has just begun and no case schedule, discovery deadline, dispositive motion

25   deadline, or trial date has been set. Because no undue prejudice would result from the

26   requested leave, the Court should grant this motion.

27   ///

28   ///

### 3.    There Is No Bad Faith Or Undue Delay

There is no bad faith or undue delay on Spectrum's part. Through investigative findings it has made since it sued on July 2, 2013, Spectrum has learned that the California Secretary of State has "suspended" Saniya's corporate status. (*See* Cavanagh Decl. at ¶ 9, Exhibit 3, Secretary of State Printout.)  That discovery caused Spectrum to look closer at the sales transactions at issue and to learn that H.M.—a business in good standing with the state of California—jointly participated with Saniya in the sales of the counterfeit products at issue.  (*See* Cavanagh Decl., at ¶¶ 10, 12.) Spectrum's investigations also uncovered that Jumani is the owner and controlling force for both Saniya and H.M. and, as such, is individually responsible for his businesses' counterfeiting activities. (*See id.* at ¶¶ 11-12.) Lastly, Spectrum recently traced the source of a counterfeit Quick Fix Plus product discovered in Nebraska back to Johnny's Trading in Los Angeles. (*Id.* at ¶¶ 7-8.)

As Spectrum intended to add more defendants, as confirmed by its complaint naming Does 1-5, Spectrum waited until it had a group of defendants to add by amendment. That is more efficient than using a piecemeal approach of amending each time a new defendant was discovered.

On October 18, 2013, soon after completing these investigations, Spectrum notified Saniya that it intended to seek leave to add these three defendants and requested a meet-and-confer to discuss that motion in accordance with Local Rule 7-3. (Cavanagh Decl., ¶ 13.)  During the conference between the parties' attorneys, which occurred on October 21, 2013, Saniya's attorney advised that Saniya opposes this motion. (*Id.*)  Spectrum then began drafting this motion, the proposed second amended complaint, and other supporting documents.  Thus, Spectrum has moved within a reasonable time after learning the facts underlying its motion and after complying with procedural requirements.

### 4.    There Is No Futility

There also is no futility in adding these three defendants to the case. As to Jumani, it is well established that an individual who personally participates in, directs, controls, or

---

4
MOTION FOR LEAVE TO FILE  SECOND AMENDED COMPLAINT

approves of tortious and infringing conduct faces personal liability without the protection of the corporate form.  *See Chase Inv. Servs. Corp. v. Law Offices of Jon Divens & Assocs., LLC*, 748 F. Supp. 2d 1145, 1181-82 (C.D. Cal. 2010).  Assuming the truth of Spectrum's allegations, therefore, it has stated more than a plausible claim against Jumani. (*See* Prop. 2d Am. Compl. ¶ 29, 43-47.)

As to the other two defendants, Spectrum has alleged that they sold counterfeit Quick Fix Plus.  (*See* Prop. 2d Am. Compl. ¶ 21.)  That alleged conduct is actionable under each of the causes of action asserted against them. *See, e.g.*, *Gucci Am., Inc. v. Pieta*, No. CV 04-9626 ABC (MCx), 2006 WL 4725706 (C.D. Cal. Jan. 23, 2006) (granting summary judgment to Gucci on trademark and unfair competition claims based on counterfeiting activities).  Accordingly, Spectrum has stated plausible claims against each of the three defendants it seeks to add.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

MOTION FOR LEAVE TO FILE  SECOND AMENDED COMPLAINT

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant this motion and grant Spectrum leave to file the second amended complaint that is attached as Exhibit 1 to the concurrently-filed Cavanagh Declaration.   Spectrum also respectfully requests that the Court schedule the hearing on the Motion for 11:30 a.m. on December 16, 2013, rather than during its regular civil motion calendar at 1:30 p.m., because there is a Rule 26(f) Scheduling Conference currently set for that time (*see* Docket No. 22) and it would be efficient for the parties and the Court to have both matters heard at the same time.

Dated:  November 18, 2013                      BIENERT, MILLER & KATZMAN, PLC

                                                              By: */s/ Steven Jay Katzman /s/*
                                                                    Steven Jay Katzman
                                                                    Anne A. Uyeda

                                                                    MCDONALD HOPKINS LLC
                                                                    Bruce E. Reinhart (admitted *pro hac vice*)
                                                                    David B. Cupar (admitted *pro hac vice*)
                                                                    Matthew J. Cavanagh (admitted *pro hac vice*)
                                                                    Attorneys for Plaintiff
                                                                    SPECTRUM LABORATORIES, LLC

MOTION FOR LEAVE TO FILE  SECOND AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I, Coleen Grogan, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; DECLARATION OF MATTHEW J. CAVANAGH AND PROPOSED ORDER** on the interested parties as follows:

[X]   **BY ELECTRONIC MAIL**: by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

A. Justin Lum
ajlum@patenttmlaw.com

[X]   **BY MAIL** - I deposited such envelope in the mail at San Clemente, California. The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Clemente, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Michael Eric Tangberg                Ben T. Lila, Esq.
4533 MacArthur Boulevard, #219       Mandour & Associates, APC
Newport Beach, CA 92660              2030 Main Street, Suite 1300
                                     Irvine, CA 92614

This certificate was executed on November 18, 2013 at San Clemente, California.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Coleen Grogan /s/*
Coleen Grogan