A. Justin Lum (CA State Bar No. 164882)
LUM LAW GROUP
1005 E. Colorado Blvd., Suite 207
Pasadena, California 91106
Telephone: (626) 795-8886
Facsimile: (626) 795-8836
Email: ajlum@lumlawgroup.com

Attorneys for Defendant
J.T. SANIYA, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, )<br><br>        Plaintiff,                     )<br>                                      )<br>vs.                                   )<br>                                      )<br>LAHAR MFG, INC., d/b/a          )<br>SYNTHETIX5; J.T. SANIYA, INC., )<br>and DOES 1-5, inclusive,        )<br>                                      )<br>        Defendants.                 )<br>                                      )<br>_____ ) | Case No. SACV13-01001-JVS (RNBx)<br><br>**OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Defendant J.T. SANIYA, INC. ("Defendant"), by and through its counsel of record, hereby opposes the Motion for Leave to File Second Amended Complaint filed by Plaintiff SPECTRUM LABORATORIES, LLC ("Spectrum") ("Plaintiff"), as follows:

## I. INTRODUCTION AND RELEVANT BACKGROUND

Plaintiff brought the instant matter via the filing of a complaint on July 2, 2013. Plaintiff filed its First Amended Complaint on July 18, 2013. Plaintiff served the First Amended Complaint on Defendant J.T. Saniya, Inc. ("Defendant") on July 22, 2013. Defendant answered the complaint on August 30, 2013. On November 18, 2013, Plaintiff brought the instant Motion for Leave to File Second Amended Complaint. Defendant herein files its opposition to Plaintiff's motion.

## II. ARGUMENT

### A.    PLAINTIFF'S DILATORY AMENDMENT IS PREJUDICIAL TO DEFENDANT

Federal policy strongly favors determination of cases on their merits. Leave to amend pleadings is freely given. However, leave should be denied if the opposing party makes a showing of undue prejudice, or dilatory motive on the part of the moving party. *Foman v. Davis,* 371 US 178, 182, 83 S.Ct. 227, 230 (1962); *Martinez v. Newport Beach City*, 125 F.Rd 777, 785 (9th Cir. 1997). "Leave to

amend should not be granted automatically." *Ynclan v. Department of Air Force,* 943 F.2d 1388, 1391 (5th Cir. 1991). Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).

Here, Plaintiff seeks to again amend its complaint, in part to add the individual Yasin Jumani and corporation H.M. Distributors, Inc. as named defendants. For good cause, Plaintiff's motion should be denied.

Plaintiff does not object to amending the complaint to add H.M. Distributors, Inc.  However, by Plaintiff's own admission, the only parties in this case who are listed on the invoices for the products sold to Lahar Mfg., d/b/a Synthetix5 are defendant J.T. Saniya and H.M. Distributors, Inc. These parties are legal entities independent from Yasin Jumani.

Counsel for Plaintiff has been, or should have been, aware of both Yasin Jumani and H.M. Distributors from the time it received invoices from Mr. Tandberg of Defendant Synthetix5, as recounted in the *Declaration of Matthew J. Cavanagh* ("Decl Cavanagh"), filed by Plaintiff in support of the instant motion. Counsel in his declaration does not give a definite date as to when Plaintiff was provided the invoices. However, Counsel states that Plaintiff amended its complaint to add Defendant J.T. Saniya, Inc. as a defendant at the time of receipt of the invoices. Therefore, the invoices were provided to Plaintiff at least as early as July 18, 2013, the date Plaintiff filed its First Amended Complaint.

It has now been five months from the filing of Plaintiff's First Amended Complaint. Counsel for Plaintiff in his declaration states that it was only in October and November that he "looked closer at the invoices that Mr. Tandberg had provided to me." It was only then that he "looked closer at J.T. Saniya's business" and made the alleged connection to Mr. Jumani and H.M. Distributors. (Decl Cavanagh, p. 2).

Based on the above, it is clear that Plaintiff has been dilatory in its efforts to amend its complaint and add these named defendants.

### III. CONCLUSION

Based on the foregoing, and the records and files in this case, it is respectfully submitted that this Court should therefore deny the motion as to the individual Yasin Jumani.

Respectfully submitted,

Dated: December 4, 2013          LUM LAW GROUP

By: _____s/A. Justin Lum/_____
A. Justin Lum

Attorneys for Defendant
J.T. SANIYA, INC.,

4

### **PROOF OF SERVICE**

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1005 E. Colorado Blvd., Suite 207, Pasadena, California 91106.

On the below execution date, I served the foregoing documents described as **OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** on the interested parties in this action:

[ ] by placing [ ] the original [X] a true copy thereof as follows:

| | |
|---|---|
| **Anne A Uyeda**<br>**Steven J Katzman**<br>Bienert Miller and Katzman PLC<br>903 Calle Amanecer Suite 350<br>San Clemente, CA 92673<br>949-369-3700<br>Fax: 949-369-3701 | |
| **Bruce E Reinhart**<br><br>McDonald Hopkins LLC<br>505 South Flagler Drive Suite 300<br>West Palm Beach, FL 33401<br>561-472-2121<br>Fax: 561-472-2121 | **Matthew J Cavanagh**<br>**David B Cupar**<br>McDonald Hopkins LLC<br>600 Superior Avenue East Suite 2100<br>Cleveland, OH 44114<br>216-348-5400<br>Fax: 216-348-5474 |

[X] BY ECF NOTIFICATION: Party was served with notice by email through the CACD's ECF Notification system.

Executed on December 4, 2013 at Pasadena, California.

[ ] (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal)  I declare that I have been employed by the office of a member of the bar of the lower court at whose direction the service was made.

s/Jeffrey Vien/        .
Jeffrey Vien