Steven Jay Katzman, State Bar No. 132755
skatzman@bmkattorneys.com
Anne Uyeda, State Bar No. 235306
auyeda@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700/Facsimile (949) 369-3701

Bruce E. Reinhart  (admitted *pro hac vice*)
Breinhart@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
505 S. Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Telephone: (561) 472-2970/Facsimile: (561) 472-2122

David B. Cupar (admitted *pro hac vice*)
dcupar@mcdonaldhopkins.com
Matthew J. Cavanagh (admitted *pro hac vice*)
mcavanagh@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400/Facsimile: (216) 348-5474

Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC<br><br>    Plaintiff<br><br>v.<br><br>J.T. SANIYA,  INC., and DOES 1-5 inclusive,<br><br>    Defendants | Case No. SACV13-1001 JVS (RNBx)<br><br>JOINT RULE 26(F) REPORT |

1
JOINT RULE 26(F) REPORT

**Joint Rule 26(f) Report**

In accordance with Fed. R. Civ. P. 26(f), L.R. 26-1, and the Court's Order Setting Rule 26(f) Scheduling Conference (ECF # 22), the parties now submit this Joint Rule 26(f) Report. The parties held a telephonic Rule 26(f) conference, which was attended by Matthew J. Cavanagh, attorney for Spectrum Laboratories, LLC, and Justin Lum, attorney for J.T. Saniya, Inc.

**I. Synopsis**

    **A. Spectrum's Synopsis**

For over a decade, Spectrum Laboratories, LLC ("Spectrum") has marketed and sold the most popular synthetic urine product in the market: "Quick Fix." In 2013, counterfeits of Spectrum Quick Fix began appearing in retail stores throughout the U.S. Although those counterfeits appeared to be genuine Spectrum product, small differences revealed them as counterfeits. For example, the counterfeits were marked with batch numbers that Spectrum had never used, contained a synthetic liquid solution that differed chemically from Spectrum's solution, and included a heating pad with Chinese markings not found on Spectrum's heating pads.

The paper trail of invoices from the retailers who were selling counterfeits led back to defendant J.T. Saniya, Inc. ("Saniya") and to the three additional defendants that Spectrum has moved to add to this case by amending its complaint: H.M. Distributors, Inc. ("HM"); Yasin Jumani; and Dharm Chadha, dba Johnny's Trading ("Chadha"). Collectively, Saniya, HM, Mr. Jumani, and Mr. Chadha are the "Defendants." The paper trail confirms that the Defendants are among those responsible for the counterfeiting.

Spectrum's Quick Fix products bear Spectrum's QUICK FIX, URN LUCK, and SPECTRUM LABS trademarks, and Spectrum owns valuable trade dress rights to the appearance of the Quick Fix box itself. Thus, by creating and selling counterfeits, the Defendants necessarily infringed Spectrum's trademark and trade dress rights.

Consequently, Spectrum asserts the following claims against Saniya (and seeks to assert those claims against the other three parties): (i) trademark infringement under 15

U.S.C. § 1114(a); (ii) trademark counterfeiting under 15 U.S.C. § 1114(a); (iii) trade dress infringement under 15 U.S.C. § 1125(a); (iv) unfair competition under 15 U.S.C. § 1125(a); (v) unfair competition under state law; (vi) violation of Ohio's Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01; and (vii) unjust enrichment.

### B. Saniya's Synopsis

Saniya denies the allegations against them, and denies any liability whatsoever for any alleged infringement. Saniya raises several affirmative defenses, including the defenses of non-infringement, laches, and equitable estoppel. Saniya has raised its opposition to the addition of Yasin Jumani as an individual defendant.

## II. Legal Issues

The key legal issues include:

(a) whether Defendants' alleged conduct, if proven true, constitutes trademark and trade dress infringement, trademark counterfeiting, unfair competition under state and federal law, a violation of Ohio's Deceptive Trade Practices Act, and unjust enrichment;

(b) whether a permanent injunction should issue and, if so, the scope of that injunction; and

(c) whether the affirmative defenses asserted by any Defendants are valid.

## III. Damages

Spectrum's damages include: (a) the actual damages it suffered as a result of Defendants' counterfeiting, including lost profits, damage to goodwill, loss of market share, price erosion, and costs incurred by Spectrum to respond to and mitigate the counterfeiting; (b) the Defendants' profits and any other unjust enrichment they derived from the counterfeiting; (c) statutory damages under 15 U.S.C. § 1117(c); (d) attorneys' fees; (e) pre-judgment and post-judgment interest; (f) treble and punitive damages; and (g) the costs of the action. Spectrum does not yet have the information it needs to calculate its damages, much of which should be in the possession of Defendants.

Saniya denies any liability and any damage to plaintiff. Notwithstanding, and without waiving its denial of liability, states that damages, if any, are *de minimis*

IV. **Insurance**

The parties are not aware of any applicable insurance agreement.

V. **Motions**

Spectrum has a motion pending to amend its complaint to identify three defendants as Does 1-3. As discovery continues, Spectrum may learn the identities of other businesses or individuals involved in the counterfeiting and will move to identify them as Doe 4 or Doe 5, or to otherwise add them to the case, if that happens. Spectrum does not anticipate moving to transfer venue.

VI. **Discovery and Experts**

A.   Fed. R. Civ. P. 26(a). The parties have agreed to exchange initial disclosures within two weeks after the scheduling conference. Otherwise, the parties do not believe that any changes in the disclosures under Rule 26(a) are necessary.

B.   Fed. R. Civ. P. 26(f)(3)(B). The parties agree that discovery should not be conducted in phases or otherwise be limited. The parties further agree that the applicable discovery limitations should not be changed.

Spectrum presently expects to conduct discovery on the Defendants' business activities, the circumstances surrounding and records concerning Defendants' acquisition and/or manufacture of the counterfeit products and Defendants' sale of the counterfeits, the money that Defendant's derived from their counterfeiting activities, and the identities of any other individuals or businesses involved in the counterfeiting. Spectrum has begun discovery by issuing document subpoenas to third-parties and by serving Saniya with a Rule 34 request to inspect Saniya's inventory of Quick Fix product being held at Saniya's lawyer's office.

Saniya expects to conduct discovery on Spectrum's business practices and financial information, including the sales, revenues, and costs and expenditures for Spectrum's products.

C.   Discovery Orders. Because the parties anticipate that confidential and competitively-sensitive information will be exchanged in discovery, the parties likely will

try to negotiate a stipulated protective order. The parties are not presently aware of any other discovery orders that the Court should enter.

  D. Depositions. Spectrum presently anticipates taking about eight depositions. Saniya anticipates taking about six depositions.

  E. Expert Disclosures. The parties discussed the proposed time of expert witness disclosures under F. R. Civ. P. 26(a)(2) and have agreed to the dates set forth in Exhibit A.

## VI. Dispositive Motions

Spectrum may move for summary judgment on liability.

## VII. Settlement and Settlement Mechanism

The parties' attorneys have discussed the possibility of settlement by phone on multiple occasions, but have been unable to resolve their dispute. The parties have selected ADR PROCEDURE NO. 1 under L.R. 16-15.4 as the preferred settlement mechanism.

## VIII. Trial Estimate

The parties anticipate that trial will take five court days. Spectrum anticipates calling six to eight witnesses.

## IX. Timetable

The parties have completed the Presumptive Schedule of Pretrial Dates form, which is attached as Exhibit A.

## X. Other Issues

The parties are not presently aware of any other issues affecting the status or management of the case.

## XI. Conflicts

All of the corporate parties are private, closely-held organizations. Spectrum has no subsidiaries, parents, or affiliates.

///

///

## XII. Magistrates

The parties do not consent to have a Magistrate Judge preside over all proceedings.

Dated: December 9, 2013    BIENERT, MILLER & KATZMAN, PLC

By: */s/ Steven Jay Katzman /s/*
    Steven Jay Katzman
    Anne A. Uyeda
    Attorneys for Plaintiff
    SPECTRUM LABORATORIES, LLC

    MCDONALD HOPKINS LLC
    Bruce E. Reinhart
    David B. Cupar
    Matthew J. Cavanagh
    Attorneys for Plaintiff
    SPECTRUM LABORATORIES, LLC

Dated: December 9, 2013    LUM LAW GROUP

By: */s/ A. Justin Lum /s/*
    A. Justin Lum
    Attorney for Defendant
    J.T. SANIYA, INC.

**CERTIFICATE OF SERVICE**

I, Coleen Grogan, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: JOINT RULE 26(F) REPORT on the interested parties as follows:

[X]  **BY ELECTRONIC MAIL**: by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

A. Justin Lum
ajlum@patenttmlaw.com

This certificate was executed on December 9, 2013 at San Clemente, California.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Coleen Grogan /s/*
Coleen Grogan