A. Justin Lum (CA State Bar No. 164882)
LUM LAW GROUP
1005 E. Colorado Blvd., Suite 207
Pasadena, California 91106
Telephone: (626) 795-8886
Facsimile: (626) 795-8836
Email: ajlum@lumlawgroup.com

Attorneys for Defendants
H.M. DISTRIBUTORS, INC.,
J.T. SANIYA, INC.
and
YASIN JUMANI

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, ) | Case No. SACV13-01001-JVS (RNBx) |
| Plaintiff, ) | **ANSWER TO SECOND AMENDED COMPLAINT** |
| vs. ) | **DEMAND FOR JURY TRIAL** |
| J.T. SANIYA, INC.; H.M. DISTRIBUTORS, INC; YASIN JUMANI; DHARM CHADHA, DBA JOHNNY'S TRADING; and DOES 4-5, inclusive, ) | |
| Defendants. ) | |

Defendants H.M. DISTRIBUTORS, INC., J.T. SANIYA, INC., and YASIN

JUMANI (collectively, "Defendants"), by and through their counsel of record,

hereby answer the Second Amended Complaint filed by Plaintiff SPECTRUM

LABORATORIES, LLC ("Spectrum") ("Plaintiff"), as follows:

//

## JURISDICTION AND VENUE

1.  Answering the allegations of paragraph 1 of the Second Amended Complaint, Defendants admit the allegations of paragraph 1 as stated.

2.  Answering the allegations of paragraph 2 of the Second Amended Complaint, Defendants admit this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

3.  Answering the allegations of paragraph 3 of the Second Amended Complaint, Defendants admit the allegations of paragraph 3 as stated.

4.  Answering the allegations of paragraph 4 of the Second Amended Complaint, Defendants admit Yasin Jumani ("Jumani") is an officer of H.M. Distributors ("HM") and J.T. Saniya, Inc. ("JT"), corporations which operate in California, and is therefore subject to personal jurisdiction. Defendants lack sufficient information to support a belief as to the truth of the remaining allegations of paragraph 4 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 4 of the Second Amended Complaint.

5.  Answering the allegations of paragraph 5 of the Second Amended Complaint, Defendants admit venue is appropriate for this Court as to Jumani, Saniya, and HM. Defendants lack sufficient information to support a belief as to the truth of the remaining allegations of paragraph 5 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 5 of the Second Amended Complaint.

2

## PARTIES

6.  Answering the allegations of paragraph 6 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 6 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 6 of the Second Amended Complaint.

7.  Answering the allegations of paragraph 7 of the Second Amended Complaint, Defendants admit the allegations of paragraph 7 of the Second Amended Complaint as stated.

8.  Answering the allegations of paragraph 8 of the Second Amended Complaint, Defendants admit the allegations of paragraph 8 of the Second Amended Complaint as stated.

9.  Answering the allegations of paragraph 9 of the Second Amended Complaint, Defendants admit Jumani resides in California and owns and operates HM and JT.

10.  Answering the allegations of paragraph 10 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 10 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 10 of the Second Amended Complaint.

11.  Answering the allegations of paragraph 11 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth

Answer to Second Amended Complaint

of the allegations of paragraph 11 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 11 of the Second Amended Complaint.

## FACTUAL ALLEGATIONS

12. Answering the allegations of paragraph 12 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 12 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 12 of the Second Amended Complaint.

13. Answering the allegations of paragraph 13 of the Second Amended Complaint, Defendants admit a photograph purportedly of "Quick Fix" Products is attached to the Second Amended Complaint as Exhibit 1. Defendants lack sufficient information to support a belief as to the truth of the remaining allegations of paragraph 13 of the Second Amended Complaint, and therefore on that basis deny the remaining allegations of paragraph 13 of the Second Amended Complaint.

14. Answering the allegations of paragraph 14 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 14 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 14 of the Second Amended Complaint.

Answer to Second Amended Complaint

15.  Answering the allegations of paragraph 15 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 15 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 15 of the Second Amended Complaint.

16.  Answering the allegations of paragraph 16 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 16 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 16 of the Second Amended Complaint.

17.  Answering the allegations of paragraph 17 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 17 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 17 of the Second Amended Complaint.

18. Answering the allegations of paragraph 18 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 18 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 18 of the Second Amended Complaint.

Answer to Second Amended Complaint

19. Answering the allegations of paragraph 19 of the Second Amended Complaint, Defendants deny the allegations of paragraph 19 of the Second Amended Complaint.

20. Answering the allegations of paragraph 20 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 20 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 20 of the Second Amended Complaint. Defendants deny any allegations of infringement.

21. Answering the allegations of paragraph 21 of the Second Amended Complaint, Defendants admit a photograph purportedly of "Quick Fix" Products is attached to the Second Amended Complaint as Exhibit 1. Defendants lack sufficient information to support a belief as to the truth of the remaining allegations of paragraph 21 of the Second Amended Complaint, and therefore on that basis deny the remaining allegations of paragraph 21 of the Second Amended Complaint. Defendants deny any allegations of infringement.

22. Answering the allegations of paragraph 22 of the Second Amended Complaint, Defendants deny the allegations of paragraph 22 of the Second Amended Complaint.

23. Answering the allegations of paragraph 23 of the Second Amended Complaint, Defendants deny the allegations of paragraph 23 of the Second Amended Complaint.

Answer to Second Amended Complaint

24. Answering the allegations of paragraph 24 of the Second Amended Complaint, Defendants deny the allegations of paragraph 24 of the Second Amended Complaint as stated. Defendants deny any allegations of infringement.

25. Answering the allegations of paragraph 25 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 25 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 25 of the Second Amended Complaint. Defendants deny any allegations of infringement.

26. Answering the allegations of paragraph 26 of the Second Amended Complaint, Defendants admit that HM and JT are independent corporations which operate in Los Angeles, California.

27.  Answering the allegations of paragraph 27 of the Second Amended Complaint, Defendants admit Jumani is President, owner, and oversees operations at HM and JT.

28. Answering the allegations of paragraph 28 of the Second Amended Complaint, Defendants deny the allegations of paragraph 28 of the Second Amended Complaint.

29. Answering the allegations of paragraph 29 of the Second Amended Complaint, Defendants deny the allegations of paragraph 29 of the Second Amended Complaint.

Answer to Second Amended Complaint

30. Answering the allegations of paragraph 30 of the Second Amended Complaint, Defendants deny the allegations of paragraph 30 of the Second Amended Complaint.

31. Answering the allegations of paragraph 31 of the Second Amended Complaint, Defendants deny the allegations of paragraph 31 of the Second Amended Complaint.

32. Answering the allegations of paragraph 32 of the Second Amended Complaint, Defendants deny the allegations of paragraph 32 of the Second Amended Complaint.

## COUNT ONE

### (Federal Trademark Infringement in

### Violation of Section 32 of the Lanham Act [15 U.S.C. § 114(a)])

33.  Answering the allegations of paragraph 33 of the Second Amended Complaint, Defendants repeats and realleges its responses to paragraphs 1 through 32, inclusive, of the Second Amended Complaint, as though fully set forth herein.

34.  Answering the allegations of paragraph 34 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 34 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 34 of the Second Amended Complaint.

Answer to Second Amended Complaint

35.  Answering the allegations of paragraph 35 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 35 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 35 of the Second Amended Complaint.

36. Answering the allegations of paragraph 36 of the Second Amended Complaint, Defendants deny the allegations of paragraph 36 of the Second Amended Complaint.

37.  Answering the allegations of paragraph 37 of the Second Amended Complaint, Defendants deny the allegations of paragraph 37 of the Second Amended Complaint.

38.  Answering the allegations of paragraph 38 of the Second Amended Complaint, Defendants deny the allegations of paragraph 38 of the Second Amended Complaint.

39.  Answering the allegations of paragraph 39 of the Second Amended Complaint, Defendants deny the allegations of paragraph 39 of the Second Amended Complaint.

40.  Answering the allegations of paragraph 40 of the Second Amended Complaint, Defendants deny the allegations of paragraph 40 of the Second Amended Complaint.

41.  Answering the allegations of paragraph 41 of the Second Amended Complaint, Defendants admit Yasin Jumani oversees operations at HM and JT. Defendants deny the remaining allegations of paragraph 41.

42.  Answering the allegations of paragraph 42 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 42 of the Second Amended Complaint, as the allegations of paragraph 42 of the Second Amended Complaint are vague and ambiguous. Defendants therefore on that basis deny the allegations of paragraph 42 of the Second Amended Complaint.

43. Answering the allegations of paragraph 43 of the Second Amended Complaint, Defendants deny the allegations of paragraph 43 of the Second Amended Complaint.

44. Answering the allegations of paragraph 44 of the Second Amended Complaint, Defendants admit Yasin Jumani is the sole owner of HM and JT. Defendants deny any allegations of infringement.

45. Answering the allegations of paragraph 45 of the Second Amended Complaint, Defendants deny the allegations of paragraph 45 of the Second Amended Complaint.

46. Answering the allegations of paragraph 46 of the Second Amended Complaint, Defendants deny the allegations of paragraph 46 of the Second Amended Complaint.

47. Answering the allegations of paragraph 47 of the Second Amended Complaint, Defendants deny the allegations of paragraph 47 of the Second Amended Complaint.

48. Answering the allegations of paragraph 48 of the Second Amended Complaint, Defendants deny the allegations of paragraph 48 of the Second Amended Complaint.

## COUNT TWO

### (Federal Trademark Counterfeiting in Violation

### of Section 32 of Lanham Act [15 U.S.C. §1114(a)])

49.  Answering the allegations of paragraph 49 of the Second Amended Complaint, Defendants repeats and realleges its responses to paragraphs 1 through 48, inclusive, of the Second Amended Complaint, as though fully set forth herein.

50. Answering the allegations of paragraph 50 of the Second Amended Complaint, Defendants deny the allegations of paragraph 50 of the Second Amended Complaint.

51. Answering the allegations of paragraph 51 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 51 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 51 of the Second Amended Complaint. Defendants deny any allegations of infringement.

52. Answering the allegations of paragraph 52 of the Second Amended Complaint, Defendants deny the allegations of paragraph 52 of the Second Amended Complaint.

53. Answering the allegations of paragraph 53 of the Second Amended Complaint, Defendants deny the allegations of paragraph 53 of the Second Amended Complaint.

54. Answering the allegations of paragraph 54 of the Second Amended Complaint, Defendants deny the allegations of paragraph 54 of the Second Amended Complaint.

55. Answering the allegations of paragraph 55 of the Second Amended Complaint, Defendants deny the allegations of paragraph 55 of the Second Amended Complaint.

56. Answering the allegations of paragraph 56 of the Second Amended Complaint, Defendants deny the allegations of paragraph 56 of the Second Amended Complaint.

57. Answering the allegations of paragraph 57 of the Second Amended Complaint, Defendants deny the allegations of paragraph 57 of the Second Amended Complaint.

//

## COUNT THREE

### (Federal Trade Dress Infringement in Violation

### of Section 43(a) of Lanham Act [15 U.S.C. §1125(a)])

58.  Answering the allegations of paragraph 58 of the Second Amended Complaint, Defendants repeats and realleges its responses to paragraphs 1 through 57, inclusive, of the Second Amended Complaint, as though fully set forth herein.

59. Answering the allegations of paragraph 59 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 59 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 59 of the Second Amended Complaint.

60. Answering the allegations of paragraph 60 of the Second Amended Complaint, Defendants deny the allegations of paragraph 60 of the Second Amended Complaint.

61. Answering the allegations of paragraph 61 of the Second Amended Complaint, Defendants deny the allegations of paragraph 61 of the Second Amended Complaint.

62. Answering the allegations of paragraph 62 of the Second Amended Complaint, Defendants deny the allegations of paragraph 62 of the Second Amended Complaint.

63. Answering the allegations of paragraph 63 of the Second Amended Complaint, Defendants deny the allegations of paragraph 63 of the Second Amended Complaint.

64. Answering the allegations of paragraph 64 of the Second Amended Complaint, Defendants deny the allegations of paragraph 64 of the Second Amended Complaint.

## COUNT FOUR

### (Unfair Competition in Violation

### of Section 43(a) of the Lanham Act [15 U.S.C. §1125(a)])

65.  Answering the allegations of paragraph 65 of the Second Amended Complaint, Defendants repeats and realleges its responses to paragraphs 1 through 64, inclusive, of the Second Amended Complaint, as though fully set forth herein.

66. Answering the allegations of paragraph 66 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 66 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 66 of the Second Amended Complaint.

67. Answering the allegations of paragraph 67 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 67 of the Second Amended Complaint, and therefore

Answer to Second Amended Complaint

on that basis deny the allegations of paragraph 67 of the Second Amended Complaint.

68. Answering the allegations of paragraph 68 of the Second Amended Complaint, Defendants lack sufficient information to support a belief as to the truth of the allegations of paragraph 68 of the Second Amended Complaint, and therefore on that basis deny the allegations of paragraph 68 of the Second Amended Complaint.

69. Answering the allegations of paragraph 69 of the Second Amended Complaint, Defendants deny the allegations of paragraph 69 of the Second Amended Complaint.

70. Answering the allegations of paragraph 70 of the Second Amended Complaint, Defendants deny the allegations of paragraph 70 of the Second Amended Complaint.

71. Answering the allegations of paragraph 71 of the Second Amended Complaint, Defendants deny the allegations of paragraph 71 of the Second Amended Complaint.

72. Answering the allegations of paragraph 72 of the Second Amended Complaint, Defendants deny the allegations of paragraph 72 of the Second Amended Complaint.

Answer to Second Amended Complaint

73. Answering the allegations of paragraph 73 of the Second Amended Complaint, Defendants deny the allegations of paragraph 73 of the Second Amended Complaint.

74. Answering the allegations of paragraph 74 of the Second Amended Complaint, Defendants deny the allegations of paragraph 74 of the Second Amended Complaint.

## COUNT FIVE

### (Unfair Competition Under State Law)

75. Answering the allegations of paragraph 75 of the Second Amended Complaint, Defendants repeats and realleges its responses to paragraphs 1 through 74, inclusive, of the Second Amended Complaint, as though fully set forth herein.

76. Answering the allegations of paragraph 76 of the Second Amended Complaint, Defendants deny the allegations of paragraph 76 of the Second Amended Complaint.

77. Answering the allegations of paragraph 77 of the Second Amended Complaint, Defendants deny the allegations of paragraph 77 of the Second Amended Complaint.

78. Answering the allegations of paragraph 78 of the Second Amended Complaint, Defendants deny the allegations of paragraph 78 of the Second Amended Complaint.

79. Answering the allegations of paragraph 79 of the Second Amended Complaint, Defendants deny the allegations of paragraph 79 of the Second Amended Complaint.

## COUNT SIX

**(Violations of Ohio's Deceptive Trade Practices Act,**

**Ohio Revised Code § 4165.01, et seq.)**

80.  Answering the allegations of paragraph 80 of the Second Amended Complaint, Defendants repeats and realleges its responses to paragraphs 1 through 79, inclusive, of the Second Amended Complaint, as though fully set forth herein.

81. Answering the allegations of paragraph 81 of the Second Amended Complaint, Defendants deny the allegations of paragraph 81 of the Second Amended Complaint.

82. Answering the allegations of paragraph 82 of the Second Amended Complaint, Defendants deny the allegations of paragraph 82 of the Second Amended Complaint.

## COUNT SEVEN

**(Unjust Enrichment)**

83.  Answering the allegations of paragraph 83 of the Second Amended Complaint, Defendants repeats and realleges its responses to paragraphs 1 through 82, inclusive, of the Second Amended Complaint, as though fully set forth herein.

Answer to Second Amended Complaint

84. Answering the allegations of paragraph 84 of the Second Amended Complaint, Defendants deny the allegations of paragraph 84 of the Second Amended Complaint.

85. Answering the allegations of paragraph 85 of the Second Amended Complaint, Defendants deny the allegations of paragraph 85 of the Second Amended Complaint.

86. Answering the allegations of paragraph 86 of the Second Amended Complaint, Defendants deny the allegations of paragraph 86 of the Second Amended Complaint.

87. Answering the allegations of paragraph 87 of the Second Amended Complaint, Defendants deny the allegations of paragraph 87 of the Second Amended Complaint.

88. Answering the allegations of paragraph 88 of the Second Amended Complaint, Defendants deny the allegations of paragraph 88 of the Second Amended Complaint.

//

## AFFIRMATIVE DEFENSES

Defendants hereby assert and interpose the following affirmative defenses to the claims contained in the Second Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

[FRCP 8(c)]

1.  The Second Amended Complaint and each and every allegation contained therein fails to state any claim on which relief may be granted against the answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

(Noninfringement)

[15 USC § 1125; FRCP 8(c)]

2.  Defendants have not infringed, is not now infringing, and is not threatening to infringe the valid scope, if any, of any United States Trademarks.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

3. To the extent Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

//

Answer to Second Amended Complaint

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean hands) [FRCP 8(c)]

4.  All of the equitable claims and remedies of Plaintiff are barred because Plaintiff has come to this court with unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel); [FRCP 8(c)]

5.  Plaintiff is estopped from seeking recovery for lacks of response and lacks of policing its rights.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches); [FRCP 8(c)]

6.  Plaintiff is barred by laches from recovery in this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7. Plaintiff's claims are barred by waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### [FRCP 8(c)]

8.  Defendants allege that they have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated defenses to the Second Amended Complaint herein.  Defendants hereby reserve the right to assert these affirmative defenses in the event discovery indicates such would be appropriate.

WHEREFORE, Defendants pray that:

(a) Plaintiff's Second Amended Complaint be dismissed with prejudice; and

(b) such other and further relief as this Court may deem proper and just.

Respectfully submitted,

Dated: January 3, 2014                                    LUM LAW GROUP


By: _____s/A. Justin Lum/_____
        A. Justin Lum

Attorneys for Defendants
H.M. DISTRIBUTORS, INC.,
J.T. SANIYA, INC. and
YASIN JUMANI

Answer to Second Amended Complaint

1

## DEMAND FOR JURY TRIAL

2

      Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby

3

demand a trial by jury on all issues so triable.

4

5

Dated: January 3, 2014               LUM LAW GROUP

6

7

                      By: _____s/A. Justin Lum/_____

8

                           A. Justin Lum

9

                        Attorneys for Defendants

10

                        H.M. DISTRIBUTORS, INC.,
J.T. SANIYA, INC. and

11

                        YASIN JUMANI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1005 E. Colorado Blvd., Suite 207, Pasadena, California 91106.

On the below execution date, I served the foregoing documents described as **ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action:

[ ] by placing [ ] the original [X] a true copy thereof as follows:

| | |
|---|---|
| **Anne A Uyeda**<br>**Steven J Katzman**<br>Bienert Miller and Katzman PLC<br>903 Calle Amanecer Suite 350<br>San Clemente, CA 92673<br>949-369-3700<br>Fax: 949-369-3701 | |
| **Bruce E Reinhart**<br><br>McDonald Hopkins LLC<br>505 South Flagler Drive Suite 300<br>West Palm Beach, FL 33401<br>561-472-2121<br>Fax: 561-472-2121 | **Matthew J Cavanagh**<br>**David B Cupar**<br>McDonald Hopkins LLC<br>600 Superior Avenue East Suite 2100<br>Cleveland, OH 44114<br>216-348-5400<br>Fax: 216-348-5474 |

[X] BY ECF NOTIFICATION: Party was served with notice by email through the CACD's ECF Notification system.

Executed on January 7, 2014 at Pasadena, California.

[ ] (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal)  I declare that I have been employed by the office of a member of the bar of the lower court at whose direction the service was made.

s/Jeffrey Vien/         .
Jeffrey Vien

Answer to Second Amended Complaint