Steven Jay Katzman, State Bar No. 132755
skatzman@bmkattorneys.com
Anne Uyeda, State Bar No. 235306
auyeda@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700/Facsimile (949) 369-3701

Bruce E. Reinhart  (admitted *pro hac vice*)
Breinhart@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
505 S. Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Telephone: (561) 472-2970/Facsimile: (561) 472-2122

David B. Cupar (admitted *pro hac vice*)
dcupar@mcdonaldhopkins.com
Matthew J. Cavanagh (admitted *pro hac vice*)
mcavanagh@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400/Facsimile: (216) 348-5474

Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC<br><br>  Plaintiff,<br><br>v.<br><br>J.T. SANIYA, INC.; H.M. DISTRIBUTORS, INC.; YASIN JUMANI; DHARM CHADHA, DBA JOHNNY'S TRADING; and DOES 4-5, inclusive, | Case No. SACV13-1001 JVS (RNBx)<br><br>**NOTICE OF MOTION AND MOTION TO SET ASIDE CONSENT JUDGMENT**<br><br>[Declaration of Matthew J. Cavanagh and [Proposed] Order filed concurrently herewith]<br><br>Date:     May 19, 2014<br>Time:    1:30 p.m.<br>Place:    Department 10C |

| | |
|---|---|
| 1  Defendants. | United States District Court |
| 2 | 411 W. Fourth Street |
| 2 | Santa Ana, California 92701 |
| 3 | Judge:   James V. Selna |

4

5 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

6 **PLEASE TAKE NOTICE** that on May 19, 2014, at 1:30 p.m., in the courtroom of the Honorable James V. Selna, located at 411 West Fourth Street, Santa Ana, California, 92701, Plaintiff Spectrum Laboratories, LLC ("Spectrum") will move the Court for an order to reconsider and vacate the Consent Judgment (Docket Entry 31) entered September 13, 2013, against Defendant Lahar Mfg., Inc., d\b\a Synthetix5 ("Synthetix5"), pursuant to Federal Rule of Civil Procedure 54 and Rule 7-18 of the Local Rules of the United States District Court for the Central District of California ("Local Rules" or "L.R.").

13 This Motion is made on the grounds that newly discovered evidence obtained by subpoena shows that Synthetix5 was knowingly involved in the counterfeiting of Spectrum's QuickFix product, and declarations filed with the Court by Synthetix5's owner, Michael Tandberg, which stated otherwise were fraudulent.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  This Motion is made following the conference of counsel pursuant to L.R. 7-3 which
2  took place on or about January 20, 2014 and April 7, 2014.  This Motion is based on this
3  Notice of Motion, the Memorandum of Points and Authorities attached hereto, the
4  Declaration of Matthew J. Cavanagh filed concurrently herewith, all further pleadings that
5  will be filed by Spectrum herein, the record on file in this matter, and such further evidence
6  and argument as the Court may permit or require at or prior to the time of the hearing on
7  this Motion.

8  Dated:  April 15, 2014                    BIENERT, MILLER & KATZMAN, PLC

10                    By: /s/ *Steven Jay Katzman* /s/
11                          Steven Jay Katzman
                            Anne A. Uyeda
12                          Attorneys for Plaintiff
13                          SPECTRUM LABORATORIES, LLC

14                          MCDONALD HOPKINS LLC
15                          Bruce E. Reinhart (admitted *pro hac vice*)
                            David B. Cupar (admitted *pro hac vice*)
16                          Matthew J. Cavanagh (admitted *pro hac vice*)
17                          Attorneys for Plaintiff
18                          SPECTRUM LABORATORIES, LLC

3
NOTICE OF MOTION AND MOTION TO SET ASIDE CONSENT JUDGMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Spectrum Laboratories, LLC, ("Spectrum") through its undersigned counsel, moves this Honorable Court pursuant to Local Rule 7-18 and its inherent powers to reconsider and set aside the Consent Judgment (Docket Entry 31) entered September 13, 2013, against Defendant Lahar Mfg., Inc., d\b\a Synthetix5 ("Synthetix5"). Based on newly discovered evidence, Spectrum has now learned that, to induce Spectrum into agreeing to the Consent Judgment, Synthetix5's owner, Michael Tandberg, made sworn misrepresentations falsely denying that Synthetix5 was involved in the counterfeiting of Spectrum's Quick Fix Plus product at issue in this case. These false representations included false sworn declarations that were submitted to this Court.

This Court should set aside the Consent Judgment based on Mr. Tandberg's fraud, the newly discovered evidence, or both, and allow Spectrum to pursue all relief that was available prior to the fraud-induced Consent Judgment.

## II. FACTS[1]

This case began when Spectrum learned from a customer that counterfeits of its Quick Fix Plus product were being sold at a retail store in Minnesota, called "Down in the Valley." (1st Cavanagh Decl. ¶ 3, ECF # 34-1.) Down in the Valley told Spectrum that it had purchased the Quick Fix product in question from Synthetix5, and it produced invoices from Synthetix5 to prove it. (*Id.*. ¶ 4.) Spectrum then sued Synthetix5 for trademark infringement, unfair competition, deceptive trade practices, and unjust enrichment based on its selling counterfeit Quick Fix Plus. Spectrum sought injunctive relief, monetary damages, and attorneys' fees. (*See* First Amended Complaint, ECF # 14.)

During settlement discussions, Tandberg represented to Spectrum that he and Synthetix5 were not involved in counterfeiting Spectrum's Quick Fix product or in knowingly distributing counterfeit product. (*See* 2d Cavanagh Decl. ¶ 4, attached hereto as

---

[1] The facts are more fully described in the attached Declaration of Matthew J. Cavanagh.

Exhibit A.) Tandberg swore that he had purchased all of the Quick Fix that Synthetix5 had sold from J.T. Saniya, Inc., and he produced several J.T. Saniya invoices for those alleged purchases by Synthetix5 (1st Cavanagh Decl. ¶ 5.) Tandberg then executed two separate declarations in which he swore, under penalty of perjury, that:

- Synthetix5 "purchased all of the Quick Fix Plus that it has sold exclusively from J.T. Saniya, Inc.," (1st Tandberg Decl. ¶ 7, ECF # 20-5);

- "J.T. Saniya supplied each of the 60 units of Quick Fix Plus that Synthetix5 shipped to Down in the Valley," (*Id.* ¶ 11); and

- "Neither [Tandberg] nor Synthetix5 had any knowledge of, or involvement in, any counterfeiting of Spectrum's Quick Fix Plus," (2d Tandberg Decl. ¶ 11, ECF # 30-1.)

Relying on these sworn representations, Spectrum agreed to dismiss Synthetix5 from this case through a Consent Judgment without the payment of money. (2d Cavanagh Decl. ¶ 4-6.) Further relying on these representations, the Court entered a Consent Judgment imposing permanent injunctive relief and no damages. (ECF # 31.)

After the settlement, while continuing to investigate the counterfeiting, Spectrum further analyzed counterfeit Quick Fix Plus that was obtained from Synthetix5. (2d Cavanagh Decl. ¶ 7.) Upon a closer inspection, Spectrum discovered that the plastic three-ounce bottle holding the liquid portion of the product was marked with a "MWC" logo on the bottom. (*Id.*) Spectrum was able to determine that the logo was used by bottle supplier Midwest Container & Industrial Supply Company, Inc., in Barnhart, Missouri ("Midwest Container"). (*Id.*) Records obtained from Midwest Container by subpoena showed that only nine customers had purchased that make of bottle between 2010 and 2013. (*Id.* ¶ 8.) Two of the customers were in California: General Bottle Supply in Los Angeles, California, and Total Packaging in Wrightwood, California. (*Id.*) Sales records subpoenaed from General Bottle Supply and Total Packaging showed that all of the "MWC" bottles that they purchased from Midwest Container were ultimately shipped to Synthetix5. (*Id.* ¶ 8-10) In total, Synthetix5 bought at least 89,000 three-ounce "MWC" bottles in 2012 and 2013. (*Id.*) Only one Midwest Container customer bought more three-ounce bottles than Synthetix5

during that time period: Dan's Whetstone – an Arkansas business that used the bottles to hold honing oil that it sells with sharpening stones. (*Id.* ¶ 12.) Also, Synthetix5 sells its own synthetic urine product under the "Synthetix5" brand name. Therefore, it would have the means to obtain or make the synthetic urine that was sold inside the counterfeit Quick Fix Plus boxes. (*Id.* ¶ 13.)

In sum, the sales records obtained from Midwest Container, Total Packaging, and General Bottle Supply show that – contrary to Tandberg's declarations –Synthetix5 was directly and knowingly involved in producing and distributing the counterfeit Quick Fix Plus. Those records also prove that Tandberg was not truthful when he swore he had no knowledge or involvement in the counterfeiting.

### III. LAW AND ARGUMENT

Under Fed. R. Civ. P. 54(b), "any order . . . that adjudicates . . . fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Because the Consent Judgment did not adjudicate Spectrum's claims against the other defendants still in this case, it is interlocutory and can be set aside by the Court at any time. This Court should reconsider and set aside the Consent Judgment under Local Rule 7-18 and the Court's inherent power to remedy a fraud on the court.  Local Rule 7-18 states:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

The Ninth Circuit has "recognized three justifications for reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to prevent manifest injustice." *Mueller v. County of Los Angeles,* 262 Fed. Appx. 858, 860 (9th Cir.

2008) *citing Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003).  This Court has broad discretion to grant reconsideration.  *See Navajo Nation,* 331 F.3d at 1046.

Spectrum's discovery that the counterfeiter used "MWC" bottles and the sales records showing that Synthetix5 purchased almost 90,000 of those bottles during the relevant time period is newly discovered evidence that Synthetix5 knowingly participated in the counterfeiting.  This evidence came to Spectrum's attention after the Consent Judgment was entered and could not have been discovered earlier through due diligence. Spectrum entered into the Consent Judgment because it relied on Synthetix5's sworn declarations and truly believed Synthetix5 had no involvement in the counterfeiting. Had it known what it knows now, it would never have agreed to a Consent Judgment without the payment of money. Rather, it would have conducted extensive discovery to learn the details about Synthetix5's counterfeiting and to identify others involved and their roles. It also would have sought money damages, statutory damages, recoupment of its attorneys' fees, and treble damages.  The Court should set aside the Consent Judgment, allowing Spectrum to seek all of the relief to which it is entitled, based on this newly discovered evidence.

Alternatively, the Consent Judgment should be set aside for manifest injustice.  The Complaint alleged that Synthetix5 and the other defendants "are selling (and, upon information and belief, have manufactured) a counterfeit version of Spectrum's Quick Fix Plus product . . . ." (First Amended Complaint, Docket Entry 14 at ¶18.) Tandberg affirmatively misled Spectrum when he falsely denied that Synthetix5 was manufacturing or knowingly distributing counterfeit Quick Fix Plus.  But for Tandberg's false representations, Spectrum would not have settled the case or agreed to the Consent Judgment.

For the same reasons, the Consent Judgment should be set aside under the Court's inherent power.  Independent of Local Rule 7-18, a federal court has inherent power to reconsider and set aside a judgment that was obtained through a fraud on the court. *See In Re Levander,* 180 F.3d 1114 (9th Cir. 1999). "To constitute fraud on the court, the alleged

misconduct must 'harm the integrity of the judicial process.' To determine whether there has been fraud on the court, this circuit and others apply [the following] definition:

> 'Fraud on the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner it impartial task of adjudging cases that are presented for adjudication."

*Id.* at 1119 (citations omitted). Here, the Court was victimized by the fraud because it relied upon Tandberg's Declaration in accepting, signing, and entering the proposed Consent Judgment. *See Id.* at 1120 (bankruptcy court's order properly set aside for fraud on the court because court relied on debtor's false testimony to impose attorneys' fees).

## IV. CONCLUSION

For the foregoing reasons, Spectrum prays that the Court set aside and vacate the Consent Judgment and reinstate the claims against Synthetix5 from the First Amended Complaint.

Dated: April 15, 2014

BIENERT, MILLER & KATZMAN, PLC

By: */s/ Steven Jay Katzman /s/*
    Steven Jay Katzman
    Anne A. Uyeda
    Attorneys for Plaintiff
    SPECTRUM LABORATORIES, LLC

MCDONALD HOPKINS LLC
Bruce E. Reinhart (admitted *pro hac vice*)
David B. Cupar (admitted *pro hac vice*)
Matthew J. Cavanagh (admitted *pro hac vice*)
Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

# CERTIFICATE OF SERVICE

I, Coleen Grogan, declare,

That I am a citizen of the United States and am a resident or employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

That I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: NOTICE OF MOTION AND MOTION TO SET ASIDE CONSENT JUDGMENT; DECLARATION OF MATTHEW J. CAVANAGH; AND PROPOSED ORDER on the interested parties as follows:

**X** **BY ELECTRONIC MAIL**: by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

A. Justin Lum
ajlum@patentmlaw.com

**X** **BY U.S. MAIL** I am "readily familiar" with Bienert, Miller & Katzman, PLC's practice for collecting and processing mail with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. As such, I caused to be mailed the foregoing document(s) to the following non-ECF participants in this case:

| | | |
|---|---|---|
| Michael Eric Tandberg | Ben T. Lila, Esq. | Dharm Chadha |
| President Lahar Mfg, Inc. | Mandour & Assoc., APC | 458 E. 4th Street # B |
| 4533 MacArthur Blvd, #219 | 2030 Main Street, Suite 1300 | Los Angeles, CA 90013 |
| Newport Beach, CA 92660 | Irvine, CA 92614 | |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This certificate was executed on April 15, 2014 at San Clemente, California.

                */s/ Coleen Grogan /s/*
                Coleen Grogan